# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JULIE NACHAMPASSACK,<br><br>    Plaintiff,<br><br>vs.<br><br>ILLINOIS STATE TOLL HIGHWAY AUTHORITY,<br><br>    Defendant. | Case No. 18-cv-00509<br><br>Honorable Judge Sara L. Ellis |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Illinois State Toll Highway Authority, ("Defendant" or "ISTHA") by its attorneys, Lisa Madigan, Illinois Attorney General, and Sally J. Scott, William R. Pokorny, and Erin D. Fowler of Franczek Radelet, P.C., acting by appointment as Special Assistant Attorneys General, hereby answers Plaintiff Julie Nachampassack's Complaint as follows:

## NATURE OF CASE & PARTIES

1. This is an action for money damages brought by Plaintiff for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (hereinafter "ADA") and violations of Title VII of the Civil Rights Act 42 U.S.C. § 2000e et seq. (hereinafter Title VII).

**ANSWER**: Defendant admits that Plaintiff seeks money damages under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Defendant denies that it violated either statute and denies the remaining allegations of Paragraph 1.

2. Plaintiff JULIE NACHAMPASSACK (hereinafter Plaintiff) is a resident of Rockford, Winnebago County, Illinois.

**ANSWER**: Upon information and belief Defendant admits the allegations of Paragraph 2.

3. Defendant ILLINOIS STATE TOLL HIGHWAY AUTHORITY (hereinafter TOLL) is a municipal entity residing in DuPage County, Illinois.

2487285.4

**ANSWER**:   Defendant admits that it resides in DuPage County, Illinois for purposes of venue. Defendant denies the remaining allegations of Paragraph 3.

    4.    From approximately November 2002 until her discharge on January 24, 2017, Plaintiff was employed with Defendant TOLL.

**ANSWER**:   Defendant admits the allegations of Paragraph 4.

## JURISDICTION & VENUE

    5.    This Court has jurisdiction of this case pursuant to the American with Disabilities Act of 1990, 42 U.S.C. 12101 et seq. (hereinafter the "ADA") and Title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq.

**ANSWER**:   Defendant admits that the Court has subject matter jurisdiction over Plaintiff's claims under the ADA and Title VII. Defendant denies the remaining allegations of Paragraph 5.

    6.    Pursuant to 28 U.S.C. § 1391, venue in this district is proper because Defendant TOLL is a resident of this district.

**ANSWER**:   Defendant admits the allegations of Paragraph 6.

## PROCEDURAL REQUIREMENTS

    7.    Plaintiff complied with the administrative prerequisites by filing with the U.S. Equal Employment Opportunity Commission ("EEOC") a charge of discrimination based on and related to the allegations complained of herein – see Exhibits 1 & 2.

**ANSWER**:   Defendant admits that Plaintiff filed the charge of discrimination attached to her Complaint as Exhibit 1 with the U.S. Equal Employment Opportunity Commission on November 9, 2017, and that Plaintiff's Charge was timely as matters alleged in the Charge to the extent that they occurred within the 300 days prior to November 9, 2017. Defendant denies the remaining allegations of Paragraph 7.

    8.    On November 27, 2017, the "EEOC" issued a Notice of Right to Sue as to Plaintiff's above-mentioned Charge, and thus, this is a timely filed Complaint – see Exhibit 2.

**ANSWER**: Defendant admits that the EEOC issued the "Notice of Right to Sue" attached to the Complaint as Exhibit 2 on November 27, 2017 and that Plaintiff filed her Complaint within 90 days after that date. Defendant denies the remaining allegations of Paragraph 8.

## FACTUAL ALLEGATIONS

9. At all relevant times, Defendant TOLL was an employer within the meaning of 42 U.S.C. § 12111(5) and 42 U.S.C. § 2000e(f).

**ANSWER**: Defendant admits the allegations of Paragraph 9.

10. From November 2002 until her discharge on January 24, 2017, Plaintiff was employed with Defendant TOLL, and qualified as an employee under the ADA and Title VII.

**ANSWER**: Defendant admits that Plaintiff was employed by Defendant from November 2002 until January 24, 2017. Defendant denies that Plaintiff was a "qualified" individual with a disability under the ADA and denies the remaining allegations of Paragraph 10.

11. At the time of her discharge, and in the years preceding, Plaintiff's position with Defendant TOLL was Toll Collector and/or Senior Toll Collector.

**ANSWER**: Defendant admits that Plaintiff was employed by Defendant as a Toll Collector and later a Senior Toll Collector. Defendant denies the remaining allegations of Paragraph 11.

12. At all relevant times, Plaintiff performed her job satisfactorily and to the reasonable expectations of Defendant TOLL.

**ANSWER**: Defendant denies the allegations of Paragraph 12.

13. While Plaintiff was an employee of Defendant TOLL, Jeffrey Redding was also employed with Defendant TOLL, and one of Plaintiff's supervisors.

**ANSWER**: Defendant admits that Jeffrey Redding was formerly employed by the Tollway. Defendant denies the remaining allegations of Paragraph 13.

14. While Plaintiff was employed with Defendant TOLL, Jeffrey Redding sexually harassed Plaintiff and other female employees of Defendant TOLL.

2487285.4

**ANSWER**: Defendant admits that in August 2015, Plaintiff reported that she engaged in a sexual relationship with Redding over a period of several years, that she later discontinued the relationship, and that Redding inappropriately pressured her to continue the relationship; that Defendant investigated and corroborated that Redding engaged in an inappropriate sexual relationship with Plaintiff; and that Defendant terminated Redding's employment for violation of Defendant's policies. Defendant denies the remaining allegations of Paragraph 14.

15. While Plaintiff was employed with Defendant TOLL, Defendant TOLL had investigations regarding the sexual harassment by Jeffrey Redding, and Plaintiff was part of this Investigation and she corroborated the sexual harassment by Redding.

**ANSWER**: Defendant admits that in August 2015, Plaintiff reported that she engaged in a sexual relationship with Redding over a period of several years, that she later discontinued the relationship, and that Redding inappropriately pressured her to continue the relationship; that Defendant investigated and corroborated that Redding engaged in an inappropriate sexual relationship with Plaintiff; and that Defendant terminated Redding's employment for violation of Defendant's policies. Defendant denies the remaining allegations of Paragraph 15.

16. In March 2017, Defendant TOLL received a FOIA request, made by a reporter for the Chicago Tribune, for communications between Plaintiff and Jeffrey Redding in which Redding sexually harassed Plaintiff.

**ANSWER**: Defendant admits that it received a FOIA request from a reporter for the Chicago Tribune in March 2017 seeking copies of text messages to and from Redding. Defendant denies the remaining allegations of Paragraph 16.

17. In 2016 or 2017, Plaintiff was diagnosed with post-partum syndrome.

**ANSWER**: Upon information and belief, Defendant denies the allegations of Paragraph 17.

18. In 2016 or 2017, Plaintiff was diagnosed with Post-Traumatic Stress Disorder (PTSD).

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

**COUNT I**
**Discrimination and Wrongful Termination**
**American with Disabilities Act**

19. Plaintiff restates paragraph 1 through 18 as paragraph 19 and incorporates paragraphs 1 through 18 into paragraph 19.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 18 by reference.

20. In 2016 and 2017, Plaintiff's treating medical provider ordered that Plaintiff could not work for a period of time as a result of her post-partum syndrome/disability.

**ANSWER**: Defendant admits that in 2016 and 2017, Defendant received documentation from Plaintiff's physician advising that Plaintiff was incapacitated and unable to work due to post-partum depression. Defendant denies the remaining allegations of Paragraph 20.

21. In approximately 2017, Plaintiff's treating medical provider ordered that Plaintiff could not work for a period of time as a result of her PTSD disability.

**ANSWER**: Defendant admits that in December 2016, Defendant received documentation from Plaintiff's physician stating that Plaintiff would be unable to work until an estimated date of April 17, 2017. Defendant denies the remaining allegations of Paragraph 21.

22. Throughout her medical leave, Plaintiff was in communication with Defendant TOLL regarding her health, her expected return to work date and her temporary accommodations.

**ANSWER**: Defendant admits that Plaintiff communicated with Defendant at various time during her medical leave regarding her expected to return to work date and her request for additional leave. Defendant denies the remaining allegations of Paragraph 22.

23. As a result of her post-partum disability and/or PTSD, Plaintiff qualified as a disabled person under the ADA.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24. In January 2017, Defendant TOLL ordered Plaintiff to return to work.

**ANSWER**: Defendant admits that in January 2017, Defendant denied Plaintiff's request to extend her leave of absence for several additional months, and informed Plaintiff that her employment would be terminated if she was not able to return to work. Defendant denies the remaining allegations of Paragraph 24.

25. At the time Defendant TOLL ordered Plaintiff to return to work, Plaintiff's treating medical providers were still ordering Plaintiff off-work as a result of her disabilities.

**ANSWER**: Defendant admits that at the time that Defendant denied Plaintiff's request for a four-month extension of her leave of absence, Plaintiff's physician indicated that Plaintiff would remain unable to work through at least April 2017. Defendant denies the remaining allegations of Paragraph 25.

26. At the time Defendant TOLL ordered Plaintiff to return to work, Plaintiff advised Defendant TOLL that she was ordered off work by her treating medical providers, and advised TOLL that the treating providers expected to release (in the reasonably near future) Plaintiff back to work as a Toll Collector.

**ANSWER**: Defendant admits that in December 2016, Plaintiff provided Defendant with documentation from her physician stating that Plaintiff would be unable to return to work until approximately April 17, 2017. Defendant denies the remaining allegations of Paragraph 26.

27. At the time Defendant TOLL ordered Plaintiff to return to work, Plaintiff requested from Defendant TOLL an unpaid work accommodation based upon Plaintiff's disabilities.

**ANSWER**: Defendant admits that Plaintiff requested that her leave of absence be extended by an additional four months, until April 17, 2017, due to her medical condition. Defendant denies the remaining allegations of Paragraph 27.

28. Prior to January 2017, Defendant TOLL had temporary toll collectors to perform the work of permanent Toll Collectors while the permanent Toll Collectors were temporarily off-work (on medical leave) as a result of a disability.

6

2487285.4

**ANSWER**: Defendant admits that at certain times prior to January 2017, Defendant employed temporary toll collectors, who filled in for permanent toll collectors who were temporarily off work for medical leave and other reasons. Defendant denies the remaining allegations of Paragraph 28.

29. Prior to January 2017, Defendant TOLL assigned temporary toll collectors to perform the work of permanent Toll Collectors who were temporarily off-work (on medical leave) as a result of post-partum syndrome/disability.

**ANSWER**: Upon information and belief, Defendant denies the allegations of Paragraph 29.

30. The period in which Plaintiff requested her accommodation is generally the slowest season of the year for Defendant TOLL.

**ANSWER**: Defendant denies the allegations of Paragraph 30.

31. Plaintiff's requested accommodations would not have caused an undue hardship upon Defendant TOLL.

**ANSWER**: Defendant denies the allegations of Paragraph 31.

32. Defendant TOLL violated the ADA by subjecting Plaintiff to unlawful employment actions, including but not limiting to:

    a) refusing Plaintiff's requests for reasonable accommodation;

    b) refusing to grant an extension of Plaintiff's necessary medical leave;

    c) terminating Plaintiff.

**ANSWER**: Defendant admits that it denied Plaintiff's request to extend her six-month leave of absence by an additional four months, and that it terminated Plaintiff's employment. Defendant denies that the extended leave of absence constituted a "reasonable accommodation" under the ADA, denies the remaining allegations of Paragraph 32.

33. The foregoing acts in paragraph 32 constitute violations of the ADA.

**ANSWER**: Defendant denies the allegations of Paragraph 33.

34. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits and has suffered and continues to suffer emotional distress,

embarrassment, mental anguish, and humiliation. Plaintiff seeks all damages she is entitled to under law, including compensatory, reasonable attorneys' fees and costs and other appropriate legal relief.

**ANSWER**: Defendant denies that it acted unlawfully, denies that Plaintiff is entitled to any relief, and denies the remaining allegations of Paragraph 34.

WHEREFORE, Plaintiff, respectfully prays that this Court enter an Order:

(a) Declaring the conduct of Defendant and its agents/employees, as described herein, is in violation of American with Disabilities Act, 42 U.S.C. §12101 et seq.

(b) Awarding Plaintiff back pay and benefits and any other pecuniary losses she suffered as a result of Defendants' conduct;

(c) Awarding Plaintiff compensatory damages;

(d) Awarding Plaintiff reasonable attorneys' fees and costs;

**ANSWER**: Defendant denies that Plaintiff is entitled to any relief.

## COUNT II

### Retaliation & Wrongful Discharge
### Title VII of Civil Rights Act

35. Plaintiff restates paragraph 1 through 34 as paragraph 35 and incorporates paragraphs 1 through 34 into paragraph 35.

**ANSWER**: Defendant restates and realleges its responses to paragraphs 1 through 34 by reference.

36. Prior to January 2017, Defendant TOLL customarily accommodated temporary leave (off-work) requests of employees with post-partum syndrome/disability.

**ANSWER**: Defendant admits that both before and after January 2017, Defendant granted reasonable accommodations, including reasonable leaves of absence, to the extent required by the ADA. Upon information and belief, Defendant denies the remaining allegations of Paragraph 36.

37. Prior to January 2017, Defendant TOLL had temporary toll collectors to perform the work of permanent Toll Collectors while the permanent Toll Collectors were temporarily off-work (on medical leave) as a result of a disability.

**ANSWER**: Defendant admits that prior to January 2017, Defendant at times employed temporary toll collectors, and that such temporary toll collectors filled in for permanent Toll Collectors who were temporarily off work for reasons including medical leave. Defendant denies the remaining allegations of Paragraph 37.

38. Prior to January 2017, Defendant TOLL assigned temporary toll collectors to perform the work of permanent Toll Collectors who were temporarily off-work (on medical leave) as a result of post-partum syndrome/disability.

**ANSWER**: Upon information and belief, Defendant denies the allegations of Paragraph 38.

39. Because Plaintiff participated in the sexual harassment investigation regarding Jeffrey Redding, Defendant TOLL retaliated against Plaintiff by subjecting her to unjust scrutiny; false allegations of misconduct; unwelcome and derisive comments; and a hostile and stressful work environment.

**ANSWER**: Defendant denies the allegations of Paragraph 39.

40. Because Plaintiff participated in the sexual harassment investigation regarding Jeffrey Redding, Defendant TOLL retaliated against Plaintiff by refusing to accommodate her disability and ultimately terminating her.

**ANSWER**: Defendant denies the allegations of Paragraph 40.

41. Defendant TOLL's conduct described herein violated Title VII of the Civil Rights Act of 1964.

**ANSWER**: Defendant denies the allegations of Paragraph 41.

42. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits and has suffered and continues to suffer emotional distress, embarrassment, mental anguish, and humiliation. Plaintiff seeks all damages she is entitled to under law, including compensatory, reasonable attorneys' fees and costs and other appropriate legal relief.

**ANSWER**: Defendant denies that it acted unlawfully, denies that Plaintiff is entitled to any relief, and denies the remaining allegations of Paragraph 42.

WHEREFORE, Plaintiff, respectfully prays that this Court enter an Order:

A. Declaring the conduct of Defendant and its agents/employees, as described herein, is in violation of Title VII of the Civil Rights Act of 1964

B.  Awarding Plaintiff back pay and benefits and any other pecuniary losses she suffered as a result of Defendants' conduct;

C.  Awarding Plaintiff compensatory damages;

D.  Awarding Plaintiff reasonable attorneys' fees and costs; and

**ANSWER**: Defendant denies that Plaintiff is entitled to any relief.

## COUNT III
### Hostile Work Environment
### Title VII of Civil Rights Act

43. Plaintiff restates paragraph 1 through 42 as paragraph 43 and incorporates paragraphs 1 through 42 into paragraph 43.

**ANSWER**: Defendant incorporates its responses to Paragraphs 1 through 42 by reference.

44. Because Plaintiff participated in the sexual harassment investigation regarding Jeffrey Redding, Defendant TOLL retaliated against Plaintiff by subjecting her to unjust scrutiny; false allegations of misconduct; unwelcome and derisive comments; and a hostile and stressful work environment.

**ANSWER**: Defendant denies the allegations of Paragraph 44.

45. Because Plaintiff participated in the sexual harassment investigation regarding Jeffrey Redding, Defendant TOLL retaliated against Plaintiff by refusing to accommodate her disability and ultimately terminating her.

**ANSWER**: Defendant denies the allegations of Paragraph 45.

46. Defendant TOLL's conduct described herein violated Title VII of the Civil Rights Act of 1964.

**ANSWER**: Defendant denies the allegations of Paragraph 46.

47. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits and has suffered and continues to suffer emotional distress, embarrassment, mental anguish, and humiliation. Plaintiff seeks all damages she is entitled to under law, including compensatory, reasonable attorneys' fees and costs and other appropriate legal relief.

**ANSWER**: Defendant denies that it acted unlawfully, denies that Plaintiff is entitled to any relief, and denies the remaining allegations of Paragraph 47.

WHEREFORE, Plaintiff, respectfully prays that this Court enter an Order:

E. Declaring the conduct of Defendant and its agents/employees, as described herein, is in violation of Title VII of the Civil Rights Act of 1964

F. Awarding Plaintiff back pay and benefits and any other pecuniary losses she suffered as a result of Defendants' conduct;

G. Awarding Plaintiff compensatory damages;

H. Awarding Plaintiff reasonable attorneys' fees and costs; and

**ANSWER**: Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are untimely to the extent that they arose more than 300 days before Plaintiff filed her charge of discrimination with the U.S. Equal Employment Opportunity Commission on November 9, 2017. In particular, Plaintiff's claim that she was subjected to a "hostile work environment" is time-barred, as Plaintiff was on a medical leave of absence and did not return to work at any time during the 300-day period prior to filing her Charge of Discrimination.

2. The extended leave of absence requested by Plaintiff in December 2016 would have created an undue hardship for Defendant. Among other things, the requested accommodation would have placed an additional burden on other employees, resulted in increased overtime expenses for the Tollway, and created a potential hazard to public safety in the event that the Tollway was unable to fully staff the plaza.

3. Upon information and belief, Plaintiff has failed to make reasonable efforts to mitigate her damages by searching for alternative employment.

4. Alternatively, to the extent that Plaintiff has obtained alternative employment, her damages must be offset by the amount of any compensation received through such employment.

Dated: March 26, 2018                    Respectfully submitted,

                                         ILLINOIS STATE TOLL HIGHWAY
                                         AUTHORITY, Defendant.


                                         By: /s/ William R. Pokorny
                                                 One of its Attorneys

Sally J. Scott (sjs@franczek.com)
William R. Pokorny (wrp@franczek.com)
Erin D. Fowler (edf@franczek.com)
FRANCZEK RADELET, P.C.
300 S. Wacker Drive, Ste 3400
Chicago, IL 60606
T: (312) 986-0300
F: (312) 986-9192
*By appointment as Special Assistant Attorneys General*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he filed the foregoing **Defendant's Answer to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record on this 26th day of March 2018:

Bryan J. O'Connor Jr.
Attorney for Plaintiff
O'Connor Law Group, LLC
140 S. Dearborn, Suite 320
Chicago, IL 60603
bocjr@oconnorlawgrp.com

By: /s/ William R. Pokorny

2487285.4